1  STEVEN T. GUBNER - Bar No. 156593
   RICHARD D. BURSTEIN - Bar No. 56661
2  JORGE A. GAITAN – Bar No. 288427
   BRUTZKUS GUBNER
3  21650 Oxnard Street, Suite 500
   Woodland Hills, CA 91367
4  Telephone:  (818) 827-9000
   Facsimile:  (818) 827-9099
5  Email:      sgubner@bg.law
               rburstein@bg.law
6              jgaitan@bg.law

7  Attorneys for David Seror, Chapter 7 Trustee

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10             **SAN FERNANDO VALLEY DIVISION**

11 In re                                   Case No. 1:18-bk-12979-MB

12 TODD HARRIS GOLDMAN,                     Adv. Case No.

                 Debtor.
13                                          Chapter 7

14 ─────────────────────────────           **COMPLAINT FOR:**

15 DAVID SEROR, Chapter 7 Trustee,         1)  **AVOIDANCE OF FRAUDULENT**
                                              **TRANSFERS WITH ACTUAL INTENT**
                 Plaintiff,
16                                          2)  **AVOIDANCE OF CONSTRUCTIVE**
                                              **FRAUDULENT TRANSFERS**
17 v.
                                           3)  **RECOVERY AND PRESERVATION OF**
18                                            **AVOIDED TRANSFERS**

19 NICOLE GOLDMAN, JASMIN ISMAIL, and     4)  **ACCOUNTING**
   OSTRICH HOUSE LLC, an Ohio limited
20 liability corporation,

21               Defendants.

22

23

24

25

26

27

28

                              1

2195960

Plaintiff David Seror, the duly appointed and acting Chapter 7 Trustee ("Plaintiff" or "Trustee") for the bankruptcy estate (the "Estate") of Todd Harris Goldman ("Debtor"), hereby files this *Complaint For: Avoidance Of Fraudulent Transfers With Actual Intent; Avoidance Of Constructive Fraudulent Transfers; Recovery And Preservation Of Avoided Transfers; and Accounting* (the "Complaint") and complains and alleges as follows:

## THE PARTIES

1.      Todd Goldman is the Debtor ("Debtor") and a resident of the County of Los Angeles, State of California.

2.      Nicole Goldman ("Nicole")[1] is the Debtor's ex-wife and is a resident of the County of Los Angeles, State of California.

3.      Jasmin Ismail ("Ismail") is Nicole's estranged mother and on information and belief a resident of 4327 Hunt Road, Blue Ash, Ohio 45242.

4.      On information and belief, Ismail has frequent and ongoing contacts with the State of California.

5.      Ostrich House, LLC ("Ostrich House"), is an Ohio company alleged to be Ismail's alter ego and an entity currently in possession or custody of property of the estate.

## JURISDICTION AND CASE BACKGROUND

6.      The within bankruptcy case was commenced on or about December 11, 2018 (the "Petition Date"), when a voluntary petition was filed by the Debtor for relief under Chapter 7 of Title 11 of the United States Code (the "Code"), Bankruptcy Case No. 1:18-bk-12979-MB.  The case is currently pending in the San Fernando Valley Division of the United States Bankruptcy Court for the Central District of California.  Plaintiff is the duly appointed and acting Chapter 7 Trustee and brings this adversary proceeding in that capacity.

7.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

8.      This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

---

[1] First names are used for clarity only. No disrespect is meant.

2

2195960

9.     The within claims are core pursuant to 28 USC § 157(b)(1). The Trustee consents to the bankruptcy court entering a final judgment.

## GENERAL ALLEGATIONS

10.     This adversary proceeding seeks to avoid and recover transfers of Debtor's valuable interest in that certain parcel of real property located at 565 Bayview Drive, Belleair, FL 33756 having a legal description of:

> **Lot 8, block 2 of Peter S. Peterson's First Addition to Belleair, Florida, Plat Book 3, page 42, less the North 30 feet for Bayview drive Street right of way and Westerly 55 feet of Lot 12, Block 17, Belleair Estates, Plat Book 18, page 12, off the public records of Pinellas County, Florida, which Westely 55 feet of lot 12 is more particularly described as follows:**
>
> **Begin at point located 5 feet West in the North boundary of East boundary of said Lot 12 from the lots Northeast corner; thence run South in a straight line drawn parallel to the East boundary of said Lot 12 to the lot's Southerly boundary line; thence run South-westerly along said Southerly boundary lines to the South end of the West boundary of said Lot 12; thence along the West boundary of Lot 12 to the Lot's Northwest corner; thence East in the North boundary to the point of beginning**
>
> **LESS AND EXCEPT The Western (10) feet of the following described property: Lot 8, Block 2, of Peter S. Peterson's First Addition to Belleare, Florida, plat Book 3, Page 42, less the North 30 feet for Bayview Drive Street right-of-way Public Records of Pinellas County, Florida**

(the "Bayview Property").

11.     On information and belief, the Debtor purchased the Bayview Property with his own funds in 2004 and had title placed in the name of his mother and father, Lenore Goldman and David S. Goldman.

12.     On information and belief, the Debtor paid for the mortgage, real estate taxes, and paid for improvements to the Bayview Property from 2004 on.

13.     On information and belief, in 2014, the Debtor and Ismail came to an agreement which provided that Ismail would pay off outstanding mortgage debt owed on the Bayview Property of approximately $550,000 in exchange for a 50% interest in the Bayview Property.

14.     On information and belief, Ismail satisfied the debt owed to Cenlar (successor in interest to Ironstone Bank) in full satisfaction of the mortgage owed on the Bayview Property in the

2195960

amount of $550,000.

15.     On information and belief, on or about September 12, 2014, Lenore Goldman executed a quit claim deed transferring the Bayview Property to Todd Goldman and Nicole Goldman, husband and wife, as to a fifty percent (50%) community property interest in the Bayview Property. On information and belief, the same quit claim deed effectuated the transfer of a fifty percent (50%) interest in the Bayview Property in favor of Ismail.

**The Dissolution Action**

16.     On October 28, 2014, Nicole[2] initiated marital dissolution proceedings against the Debtor by filing a Petition for Dissolution of Marriage in the Superior Court for the County of Los Angeles, in that certain action entitled *Nicole Goldman v. Todd Goldman*, Los Angeles County Superior Court case number BD610524 (the "Dissolution Action").

17.     In connection with a proceeding conducted in the Dissolution Action, the Debtor and Nicole stipulated that a 25% interest in the Bayview Property remained as Nicole's "separate property".  The stipulation was set forth in a minute order in the Dissolution Action on March 8, 2018.  There was no finding of fact made by the Dissolution Action trial court (the "State Court") regarding the character of this interest in the Bayview Property as a result of a contested trial on that issue.  A true and correct copy of the March 8, 2018, minute order is attached hereto as **Exhibit "A"** and incorporated herein by this reference as though fully set forth (the "Minute Order") and the transfer therein memorialized is hereinafter referred to as the "Minute Order Transfer".

18.     On or about March 20, 2017, the Debtor caused to be recorded against the Bayview Property a Warranty Deed ("Grant Deed") in favor of Ismail, purporting to grant a 25% interest in the Bayview Property to Ismail for and in consideration of the sum of Ten Dollars ($10.00).  A true and correct copy of the Grant Deed is attached hereto and designated as **Exhibit "B"**. The transfer thereby is hereinafter referred to as the "Grant Deed Transfer".

19.     On learning of the Grant Deed Transfer, Nicole sought relief from the State Court. Specifically, Nicole filed a request to join Ismail and Ostrich House, and sought orders from the

---

[2] On information and belief, the Debtor and Nicole Goldman were married on April 3, 2011 and were separated on October 28, 2014.

4

2195960

State Court enjoining Ismail and Ostrich House from disposing of any proceeds obtained from sale of the Bayview Property.

20.    On January 9, 2019, the State Court issued an order granting Nicole's requests (the "ATRO Order").

21.    The ATRO Order additionally set forth the State Court's finding that the Grant Deed Transfer violated the Automatic Temporary Restraining Order (ATRO) under California law, which issues when a dissolution action is filed, and found that the Grant Deed Transfer was thus illegal.

22.    The Trustee is informed and believes and on that basis alleges that Ismail and Debtor conspired to effectuate the Grant Deed Transfer with the actual intent to hinder, delay or defraud the Debtor's creditors.

23.    The Trustee is informed and believes and on that basis alleges that the fair market value of the Bayview Property was between $1.1 million ($1,100,000) and $1.5 million ($1,500,000) at the time of the transfer of the Debtor's 25% interest to Ismail for nominal consideration of $10.

24.    Additionally, in connection with the ATRO Order, the State Court found that in an email sent by Ismail on or about March 30, 2017, Ismail urged Nicole to fraudulently convey Nicole's alleged 25% interest in the Bayview Property to a trusted third party, and further urged her to file for bankruptcy.

25.    On information and belief, leading up to the transfer of Debtor's interest in Property, Debtor and Ismail were in frequent contact regarding the details of the Dissolution Action, including meeting together with the Debtor's former family law counsel, William W. Oxley.

## Concealed Property of the Estate

26.    On information and belief, the Debtor and Jasmin conspired to conceal property of the Estate from the Trustee and from the Debtor's creditors.

27.    On information and belief, Ostrich House was formed on or about August 28, 2018, by Ismail (aka Jasmin Huey) in the State of Ohio for the improper and unlawful purpose of holding and concealing prepetition assets of the Debtor.

28.    On information and belief, the articles of incorporation for Ostrich House did not indicate a purpose for the creation of the entity.

2195960

29.     On information and belief, Ostrich House does not observe corporate formalities and is instead a shell corporation created by Ismail for the purpose of transacting business with the Debtor.

30.     On information and belief there is a unity of interest and ownership between Ismail and Ostrich House such that any separateness between them has ceased to exist in that Defendant Ismail completely controlled, dominated, managed, and operated the Ostrich House to suit her convenience.

31.     On information and belief, Ostrich House at the direction of Ismail acquired certain real property located at 1313 5th Ave. No. 7, in Nashville, TN (the "Townhouse"), prepetition, using funds of the Debtor.

32.     On information and belief, Ostrich House and Ismail are concealing other prepetition assets of the Debtor received transferred to them prepetition which were not reported by the Debtor in his bankruptcy schedules.

## FIRST CLAIM FOR RELIEF

### Avoidance of Actual Fraudulent Transfers – Against Ismail and Ostrich House

### [11 U.S.C. §§ 544(b); and Cal. Civil Code §§3439.04(a)(1) and 3439.07]

1.     Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

2.     The Minute Order and Grant Deed transfers were made with the intent to hinder, delay, or defraud creditors of the Debtor.

3.     The Debtor and Ismail conspired to effectuate the Grant Deed Transfer in order to shield the Debtor's assets and conceal them from creditors.

4.     The Debtor and Ismail intended to prevent the Bayview Property sale proceeds from being paid out to Nicole's attorneys or to Nicole in connection with the orders issued in the Dissolution Action.

5.     The Debtor, Ismail and Ostrich House conspired to effectuate a purchase of the Townhouse in the name of Ostrich House with the express purpose of shielding the real property asset from the Debtor's creditors.

2195960

6.     On information and belief, the Debtor provided funds necessary to purchase the Townhouse to Ismail and Ostrich House.

7.     The Townhouse was not listed on the Debtor's schedules as an asset of the Debtor.

8.     Accordingly, the transfers of the Bayview Property and the Townhouse, or its value, are avoidable, and should be avoided, as fraudulent pursuant to 11 U.S.C. §§544(b) and 550, and Cal. Civil Code §§3439.04(a)(1).

## SECOND CLAIM FOR RELIEF

### Avoidance of Actual Fraudulent Transfers – Against Ismail and Ostrich House

### [11 U.S.C. §548(a)(1)(A)]

9.     Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

10.     The Minute Order and Grand Deed Transfers of the Bayview Property and the acquisition of the Townhouse occurred within the two (2) years prior to the Petition Date.

11.     Accordingly, the transfers of the Bayview Property and the acquisition of the Townhouse are avoidable, and should be avoided, as fraudulent pursuant to 11 U.S.C. § 548(a)(1)(A).

## THIRD CLAIM FOR RELIEF

### Avoidance of Constructive Fraudulent Transfers – Against Ismail, Ostrich House and Nicole

### [11 U.S.C. § 544; 26 U.S.C. § 6502; Cal. Civ. Code §§ 3439.04(A)(2)]

12.     Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

13.     The Debtor did not receive reasonably equivalent value in exchange for the Minute Order and/or the Grant Deed Transfer.

14.     As set forth in the Grant Deed Transfer, the Debtor received a nominal $10 as consideration for his 25% interest in the Bayview Property, which was worth between $1.1 million and $1.5 million at the time of the transfer.

15.     On information and belief, the Minute Order Transfer was made without Debtor having received equivalent value in exchange for the transfer.

7

2195960

16.    On information and belief, the Dissolution Action court did not evaluate the character of the 25% interest transferred to Nicole and a decision of the character of remaining 25% interest in the Bayview Property was not necessarily decided.

17.    On information and belief, the trial court in the Dissolution Action did not enter a final order regarding the character of the 25% interest in the Bayview Property asserted by Nicole.

18.    On information and belief, the Debtor did not receive reasonably equivalent value for his transfer of funds to Ismail and/or to Ostrich House for the purpose of acquiring the Townhouse.[3]

19.    At the time of the Minute Order and Grant Deed Transfers, the Debtor either

    a.    Was insolvent on the dates the Minute Order and Grant Deed Transfers were made, or became insolvent as a result thereof;

    b.    Was engaged or was about to engage in a business or a transaction for which any property remaining of Debtor was of unreasonably small capital; or

    c.    Intended to incur, or believed that he would incur, debts beyond his ability to pay as such debts matured.

20.    On information and belief, the Debtor was insolvent, or became insolvent as a result of the Minute Order and Grant Deed Transfers.

21.    On information and belief, the Debtor was not paying the following debts as they came due:

    a.    Domestic support obligations;

    b.    A debt of approximately $33,070.26 owed to his former counsel, Weintraub and Selth;

    c.    Attorneys' fees and costs ordered paid by the State Court in connection with the Dissolution Action; and

    d.    American Express Card charges.

22.    On information and belief, there exist other creditors of the Debtor whose claims

---

[3] The transfer of the Debtor's 25% interest in the Bayview Property, the transfer of a 25% interest in the Bayview Property by stipulation in connection with the Dissolution Action, and the transfer of funds by the Debtor for the purchase of the Townhouse are collectively referred to as the "Transfers."

8

1    arose before the Minute Order and Grant Deed Transfers were made.

2         23.    Accordingly, the Transfers are avoidable, and should be avoided, as fraudulent

3    pursuant to 11 U.S.C. §§544(b) and 550, and Cal. Civil Code §§3439.04(a)(1) and 3439.07.

4    **FOURTH CLAIM FOR RELIEF**

5    **Recovery and Preservation of Avoided Transfers – Against Ismail, Ostrich House, Nicole**

6    **[11 U.S.C. §§ 550, 551; Cal. Civ. Code § 3439.07]**

7         24.    Plaintiff repeats and realleges each of the allegations set forth above as if fully set

8    forth herein.

9         25.    The Minute Order and Grant Deed Transfers were either (i) incurred and made with

10    the actual intent to hinder, delay, or defraud creditors of the Debtor; or (ii) were made for less than

11    reasonably equivalent value when the Debtor was insolvent or not paying his debts as they came

12    due.

13         26.    Accordingly, the Minute Order and Grant Deed Transfers made by, or consented to,

14    by the Debtor should be avoided as fraudulent as set forth in the Trustee's First through Third

15    Claims, above, and recovered and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 550

16    and Cal. Civ. Code § 3439.07.

17    **FIFTH CLAIM FOR RELIEF[4]**

18    **Accounting – Against Ismail and Ostrich House**

19         27.    Plaintiff repeats and realleges each of the allegations set forth above as if fully set

20    forth herein.

21         28.    Plaintiff is informed and believes and based thereon alleges that Defendants Ismail

22    and Ostrich House may have received transfers of prepetition assets of the Debtor, including but not

23    limited to transfers of intellectual property assets of the Debtor.

24         29.    The Trustee is entitled to an accounting for all transfers from the Debtor to Ismail and

25    Ostrich House, prepetition including the exact identification of which assets, if any were transferred

26

27    [4] The Trustee reserves the right to amend the Complaint to include claims for avoidance and
recovery and/or for turnover of prepetition transfers of the Debtor's assets to Defendants Ostrich
28    House and Ismail.

9

2195960

by the Debtor to Ismail and/or to Ostrich House, whether any Defendant still has possession, custody

or control of any of the Debtor's prepetition assets, and whether any prepetition property of the

Debtor was sold, transferred or otherwise alienated by Ismail and/or Ostrich House.

30.    The Defendants should be ordered to provide a full accounting of all prepetition

transactions undertaken between the Debtor and Ismail, and/or between the Debtor and Ostrich

House.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment on its Complaint as follows:

1.    On the First, Second, Third, and Fourth Claims for Relief, avoiding and recovering

the Minute Order and Grant Deed Transfers referred to therein and returning them to the Estate;

2.    On the Fifth Claim for Relief, ordering Ostrich House and Ismail to provide detailed

records of transactions between Defendants and the Debtor;

3.    For costs of suit; and

4.    For such other and further relief as the Court may deem appropriate.

DATED: October 14, 2019                    BRUTZKUS GUBNER


                                           By: /s/ Jorge A. Gaitan_____
                                                Richard D. Burstein
                                                Jorge A. Gaitan
                                                Attorneys for, David Seror, Chapter 7 Trustee

10

2195960

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Family Division
### Pomona South Dept. - K

**BD610524**
**NICOLE GOLDMAN VS TODD GOLDMAN**

**March 8, 2018**
**8:30 AM**

Honorable John A. Slawson, Judge

Ta'Keisha Tennyson, Judicial Assistant

Carol Herrera (#8735), Court Reporter
Andrew F Negrete, Deputy Sheriff

---

**NATURE OF PROCEEDINGS:** Long Cause Trial

The following parties are present for the aforementioned proceeding:

> Nicole Goldman, Petitioner
> Todd Goldman, Respondent
> Brian J. Kramer, Attorney for Petitioner (Limited
> Scope Representation)
> William Oxley, Attorney for Respondent
> Angela D. Harris, Attorney for Respondent

The Trial resumes from March 7, 2018 with all parties present as heretofore.

Out of the presence of the court reporter:

Court and counsel meet and confer in chambers.

In the presence of the court reporter:

The parties are sworn.

The parties enter into the following stipulation:

The proceeds towards the acquisition of 4672 Brewster Drive, Tarzana, CA is awarded to the Respondent.

Respondent is awarded Genius Brand Inc. Stock. In exchange the Respondent owes the Petitioner $9,680.50 as for one half of the proceeds from the sale of 30,000 share of Genius Brand Inc. Stock.

Respondent is awarded Tighty Whitey Toys and assumes the $100,000.00 debt owed to Jasmin Ismail. The Petitioner waives any claim in the art. Respondent is to hold the Petitioner harmless to the $100,000.00 debt.

Each party is awarded 50 percent of the royalties as to the books Superfly (4 part series); One Potato Two Potato; and Rawr!. The parties will cooperate and perform all act to have the royalties received direct from the agent and have them split there.

The parties stipulate there is no community interest in the Bear in Underwear app.

---

Minute Order

Page **1** of **2**

**EXHIBIT "A"**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

## Family Division
### Pomona South Dept. - K

**BD610524**

**NICOLE GOLDMAN VS TODD GOLDMAN**

**March 8, 2018**
**8:30 AM**

The parties stipulate there is no community interest in the animated show.

The Petitioner is given judgment against the Respondent for the amount of $3,350.00 as and for the 2014 federal and state tax refund.

The Respondent has no interest in the bayview property in Florida.

The Petitioner has 25 percent interest in the bayview property in Florida.

The Court reserves jurisdiction over the issue of the title, "How to Train Your Bully." The Respondent may communicate with the Petitioner via OurFamilyWizard regarding "How to Train Your Bully" matters.

The Long Cause Trial is continued to March 9, 2018 at 8:30 AM in Pomona South Dept. - K.

Notice is acknowledged by the parties in open court.

I#: 2017097039 BK: 19570  PG: 1044, 03/29/2017 at 09:55 AM, RECORDING 3 PAGES
$27.00  D DOC STAMP COLLECTION $0.70  KEN BURKE, CLERK OF COURT AND COMPTROLLER
PINELLAS COUNTY, FL BY DEPUTY CLERK: CLKTD02

This instrument prepared by:
Todd Goldman
18644 Clark St #4
Tarzana, CA 91356

After recording, please return to:
Jasmin Ismail
10115 Kingsport Drive
Cincinnati, Ohio 45241

### WARRANTY DEED

This Warranty Deed is made this 20th day of March, 2017 by **TODD GOLDMAN**, a single man, hereinafter called the Grantor, whose post office address is 18644 Clark St #4, Tarzana, CA 91356.
to: **JASMIN ISMAIL**,   a single woman, whose post office address is 10115 Kingsport Drive, Cincinnati, Ohio 45241, hereinafter called the Grantee.

WITNESSETH:  That said Grantor, for and in consideration of the sum of $10.00 Dollars, and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the Grantee, Grantor's entire right, title and undivided interest in and to certain real property located in Pinellas County, Florida, viz:

Lot 8, block 2 of Peter S. Peterson's First Addition to Belleair, Florida, Plat Book 3, page 42, less the North 30 feet for Bayview drive Street right of way and Westerly 55 feet of Lot 12, Block 17, Belleair Estates, Plat Book 18, page 12, off the public records of Pinellas County, Florida, which Westely 55 feet of Lot 12 is more particularly described as follows:
Begin at a point located 5 feet West in the North boundary of East boundary of said Lot 12 from the lots Northeast corner; thence run South in a straight line drawn parallel to the East boundary of said Lot 12 to the lot's Southerly boundary line; thence run South-westerly along said Southerly boundary lines to the South end of the West  boundary of said Lot 12; thence along the West boundary of Lot 12 to the Lot's Northwest corner; thence East in the North boundary to the point of beginning.

LESS AND EXCEPT:

The West en(10) feet of the following described property:
Lot 8, Block 2, of Peter S. Peterson's First Addition to Belleair, Florida, plat Book 3, Page 42, less the North 30 feet for Bayview Drive Street right-of-way Public Records of Pinellas  County, Florida.

Property Appraisers Parcel Identification (Folio) Number(s): 28-29-15-68562-002-0080

Prior Instrument Reference: Book 18532, Page 464, Pinellas County, Florida Clerk's Records.
TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**EXHIBIT "B"**

PINELLAS COUNTY FL OFF. REC. BK 19570 PG 1045

To Have and to Hold, the same in fee simple forever.

And the Grantor hereby covenants with said Grantee that the Grantor is lawfully seized of said land in fee simple; that the Grantor has good right and lawful authority to sell and convey said land; that the Grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to 12/31/2015, and reservations, restrictions and easements of record if any.

IN WITNESS WHEREOF, Grantor has hereunto set Grantor's hand and seal the day and year first above written.

Signed, Sealed and Delivered in Our Presence:

WITNESS

LYDIA PHILLIPS
Witness Print Name

WITNESS

ROSA ROSCON
Witness Print Name

TODD GOLDMAN

STATE OF:    CALIFORNIA
COUNTY OF:  LOS ANGELES

The foregoing instrument was acknowledged before me this___ day of March, 2017 by TODD GOLDMAN, who is personally known to me or who has produced his driver license(s) as identification.

_____
Notary Public / Justice of the Peace
My Commission expires:

See atd. affirm

14

PINELLAS COUNTY FL OFF. REC. BK 19570 PG 1046

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                          CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )

County of _Los Angeles_ )

On _3/20/17_ before me, _Frank Lin Yuan, Notary Public_,
⠀⠀⠀⠀Date⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Here Insert Name and Title of the Officer

personally appeared _Todd Harris Goldman_
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

> **FRANK LIN YUAN**
> Commission # 2029876
> Notary Public - California
> Los Angeles County
> My Comm. Expires Jun 20, 2017

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
⠀⠀⠀⠀⠀⠀⠀Signature of Notary Public

⠀⠀⠀⠀Place Notary Seal Above

─────────────── **OPTIONAL** ───────────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Warranty Deed_
Document Date: _3/20/17_ ⠀⠀⠀⠀⠀⠀⠀⠀⠀ Number of Pages: _2_
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _Todd Harris Goldman_⠀⠀⠀Signer's Name: _____
☐ Corporate Officer — Title(s): _____⠀⠀☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General⠀⠀⠀⠀☐ Partner — ☐ Limited ☐ General
☑ Individual ☐ Attorney in Fact⠀⠀⠀⠀⠀☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator⠀⠀☐ Trustee ☐ Guardian or Conservator
☐ Other: _____⠀⠀☐ Other: _____
Signer Is Representing: _____⠀⠀Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)  Item #5907

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| STEVEN T. GUBNER - Bar No. 156593<br>RICHARD D. BURSTEIN - Bar No. 56661<br>JORGE A. GAITAN – Bar No. 288427<br>BRUTZKUS GUBNER<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone: (818) 827-9000<br>Facsimile: (818) 827-9099<br>Email:  jgaitan@bg.law<br><br>*Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| In re:<br>TODD HARRIS GOLDMAN,<br><br><br><br><br>Debtor(s). | CASE NO.: 1:18-bk-12979-MB<br><br>CHAPTER: 7<br><br>ADVERSARY NO.: |
|---|---|
| DAVID SEROR, Chapter 7 Trustee,<br><br><br><br>Plaintiff(s)<br>Versus<br>NICOLE GOLDMAN, JASMIN ISMAIL, and OSTRICH HOUSE LLC, an Ohio limited liability corporation,<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** _303_____ | **Address:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
                Deputy Clerk

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                          Page 2                                          **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:



☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.



☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.



☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


_____  _____  _____
*Date*                   *Printed Name*                    *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 3                    **F 7004-1.SUMMONS.ADV.PROC**